UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

03-MD-01570 (GBD)(SN)

**ORDER**

------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Federal Insurance Co., et al. v. al Qaida, et al., No. 03-cv-06978
    Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al., No. 03-cv-08591
    Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-09849
    Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al., No. 04-cv-01922
    Continental Casualty Co., et al. v. Al Qaeda, et al., No. 04-cv-05970
    Cantor Fitzgerald Assocs., et al. v. Akida Inv. Co., et al., No. 04-cv-07065
    Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al., No. 04-cv-07216
    Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 04-cv-07279
    Beazley Furlonge Ltd. v. Saudi Binladin Group, Inc., et al., No. 16-cv-07456
    Bowrosen, et al. v. Kingdom of Saudi Arabia, No. 16-cv-08070
    McCarthy, et al. v. Kingdom of Saudi Arabia, No. 16-cv-08884
    Aguilar, et al. v. Kingdom of Saudi Arabia, et al., No. 16-cv-09663
    Addesso, et al. v. Kingdom of Saudi Arabia, et al., No. 16-cv-09937
    Hodges, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-00117
    DeSimone v. Kingdom of Saudi Arabia, No. 17-cv-00348
    Aiken, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-00450
    Ashton, et al. v. Kingdom of Saudi Arabia, No. 17-cv-02003
    The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-02129
    The Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al., No. 17-cv-02651
    General Reinsurance Corp., et al. v. Kingdom of Saudi Arabia, No. 17-cv-03810
    Abarca, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-03887
    Arrowood Indemnity Co. v. Kingdom of Saudi Arabia, et al., No. 17-cv-03908
    Abrams, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-04201
    Abtello, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-05174
    Aasheim, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-05471

On March 2, 2023, the Court established a briefing schedule for anticipated motions to exclude expert witnesses and a renewed motion to dismiss. ECF No. 8896.[1] Implicit in that Order was a denial of Plaintiffs' request to stay motion practice pending an interlocutory appeal from the Court's February 7, 2023 Memorandum Decision & Order. The order, however, resubmitted to me any further or related applications. The parties have raised various additional issues, including: (1) discovery; (2) briefing page limits, (3) confidentiality review, and (4) the role of the Ashton Plaintiffs. See ECF Nos. 8863; 8871; 8873; 8878; 8880; 8882; 8888.

First, the Ashton Plaintiffs request leave to file a motion to compel additional discovery. See ECF No. 8871. Jurisdictional discovery against the Kingdom of Saudi Arabia closed on July 1, 2022. ECF No. 7117. The Court previously advised the parties that the declassification of intelligence reports under President Biden's September 3, 2021 Executive Order would not be grounds for further extending jurisdictional discovery absent "extraordinary circumstances." ECF No. 7752. The Ashton Plaintiffs presents no compelling reason for reopening it now. Plaintiffs have "had a fully adequate opportunity for discovery." Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc., 335 F.R.D. 50, 52 (S.D.N.Y 2020). The motion for leave to file a motion to compel is therefore DENIED.

Second, the Plaintiffs' Executive Committees (the "PECs") and the Kingdom of Saudi Arabia (the "KSA") disagree on the appropriate page limits for the anticipated Daubert motions. The Court will accept only one motion from Defendants KSA and Dallah Avco, and one motion from Plaintiffs, which would include any unique experts presented by the Ashton Plaintiffs. The Court is inclined to set page limits based on the number of experts that a party is moving against.

---

[1] Unless otherwise note, all ECF number refer to the main MDL docket, No. 03-md-01570.

Accordingly, the Court requests that each side submit a letter by March 22, 2023, identifying the number of experts that it intends to challenge. In making that selection, the Court expects the parties to study the law governing such motions and to move to exclude an expert only where it is reasonably likely to succeed or is necessary to promote important interests in the fairness of this case. Not every expert must be challenged, and parties will not waive an objection they might assert at a later phase of the litigation. If the parties' anticipated number of expert challenges is unmanageable, the Court may limit the number of Daubert challenges that it will accept. The parties are also invited to propose a reasonable page limit per expert.

Third, with respect to confidentiality review, the parties are reminded that the public is presumptively entitled to documents submitted in connection with dispositive motions. See generally, Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006) ("documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents"); In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig., No. 18-mc-02859 (PAC), 2021 WL 4706199, at *2 (S.D.N.Y. Oct. 8, 2021) ("Filings related to Daubert motions are judicial documents subject to a significant presumption of access under the common law and the First Amendment."); Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 142 (2d Cir. 2016). While the Court has permitted sealing documents in connection with discovery disputes—where the public's right is weaker—the parties must make a compelling showing to justify redactions with respect to the upcoming motions. To promote efficiency, the Court ORDERS Defendants, the PECs, and the Federal Bureau of Investigation ("FBI"), to meet and confer by April 14, 2023, to discuss a process for confidentiality review.

Finally, the parties disagree on page limits and the role of the Ashton Plaintiffs for the motion to dismiss. Considering the limited allegations in dispute following the Court's March 28, 2018 Memorandum Decision & Order, the Court seeks guidance on whether there remains any material distinction between the relevant allegations filed in the Consolidated Amended Complaint (CAC) and the Ashton Complaint such that multiple filings would not be duplicative. To the extent the parties believe separate briefing from the Ashton Plaintiffs is necessary or appropriate, the Court seeks further guidance on how to establish a briefing protocol that balances fairness with the need to promote efficiency and conserve judicial resources.

To achieve these goals, the Court requests that the parties meet and confer in an effort to reach an agreed proposal for the motion to dismiss. The parties are invited to submit joint or separate letters by April 5, 2023. The parties are ORDERED to appear for a conference on Tuesday, April 11, 2023, at 3:00 p.m. to discuss these issues. The Court will advise the parties of the courtroom location at a later date. To the extent the parties reach a reasonable agreement, the Court may adjourn the conference.

## CONCLUSION

As set forth in this Order, the parties shall:

- file any letters concerning the Daubert motions by March 22, 2023;
- file any letters concerning the motion to dismiss practice by April 5, 2023; and
- meet and confer with the FBI by April 14, 2023, to discuss a reasonable confidentiality review.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   March 13, 2023
         New York, New York